The decision below is hereby signed.  Dated: July 20, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES I. KING, JR. and PIA P. LIPSCOMB-KING, | ) ) ) | Case No. 08-00077 (Chapter 13) |
| | ) | **Not for Publication in** |
| Debtors. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE THE
DEBTORS' MOTION TO MODIFY CONFIRMATION ORDER

The debtors have filed a motion requesting entry of an order modifying the order confirming their chapter 13 plan with respect to the treatment of the claim of Litton Loan Servicing, L.P. ("Litton").  Specifically, they seek an order modifying the confirmation order so that Litton's "secured claim . . . shall be satisfied through surrender of the collateral securing the claim (i.e. certain real property located at 2014 McHenry St., Baltimore, Md. 21223)."  Upon surrender of the collateral, the foreclosure sale may not satisfy the secured claim in full because an unsecured deficiency claim may arise.  Accordingly, the court will deny the debtors' motion.

I

The debtors' confirmed plan, confirmed before the bar date for filing claims had expired, provided for full payment of all allowed unsecured and all allowed secured claims.  Whether Litton's claim was filed as a secured claim or an unsecured claim, it was to be paid in full.  The effect of the debtors' proposed amendment would be to treat Litton's claim as fully satisfied by way of surrender even if the foreclosure sale by Litton results in an unsecured deficiency claim.  As discussed later, nothing in the Bankruptcy Code authorizes a plan to eliminate a creditor's entitlement under nonbankruptcy law to a deficiency claim via surrender of the creditor's collateral to the creditor.

Before addressing the law that leads to that conclusion, it is noted that upon a foreclosure sale, Litton may end up having an unsecured deficiency claim against James I. King, Jr.[1]  By an order entered on June 3, 2008, addressing a motion filed by Litton, the court granted Litton relief from the automatic stay in order to proceed with a foreclosure sale of the subject property.  Litton had filed a proof of claim in the case

---

[1] With its motion for relief from the automatic stay, filed before the bar date for claims, Litton filed a copy of the promissory note it holds, and it reveals that the debt is one for which it has recourse against Mr. King: the obligation is not a nonrecourse obligation under which Litton would be limited to proceeding against the collateral.  Litton's motion claimed that its claim was not adequately protected.

2

indicating that it had a secured claim as of the petition date in the amount of $50,989.74, that the claim was secured by real property, and that no part of the claim was unsecured. The proof of claim indicated that the value of the collateral was "not available." Although Litton indicated in an attachment to the proof of claim that "[t]he value of the secured property is sufficient to fully secure all prepetition and postpetition amounts reflected in this claim,"[2] Litton did not address whether that statement was based on a replacement valuation (which, under Associates Commercial Corp. v. Rash, 520 U.S. 953 (1997), controls the allowed amount of a secured claim for purposes of payment under a confirmed plan) or applied as well to the value that would be realized on a foreclosure sale (a value typically less than the fair market value of a property). In any event, it is common knowledge that in many a foreclosure sale, the proceeds are insufficient to pay in full the amount of the creditor's claim.

II

If the foreclosure sale of the property does not pay Litton's claim in full, thereby resulting in an unsecured deficiency claim, Litton should not be barred by the plan and any

---

[2] The debtors did not list the real property on their schedules of assets in this case because they thought that the property had already gone to foreclosure before they commenced the case. Accordingly, the debtors have not provided any information regarding the value of the property.

3

amended confirmation order from filing an amended proof of claim. Although 11 U.S.C. § 1325(a)(5)(C) permits a debtor to address a creditor's allowed secured claim by providing for the surrender of the collateral to the creditor, § 1325(a)(5)(C) does not purport to address satisfaction of the claim, because it does not amount to a valuation of the collateral, and courts hold that despite § 1325(a)(5)(C), a plan may not be confirmed that would treat surrender as precluding the creditor from asserting a deficiency claim if the collateral on foreclosure fetches an insufficient amount to pay the claim in full.  See DaimlerChrysler Financial Services Americas LLC v. Ballard (In re Ballard), 526 F.3d 634, 640 (10th Cir. 2008); Capital One Auto Fin. v. Osborn, 515 F.3d 817, 821-22 (8th Cir. 2008); In re Gay, 375 B.R. 343, 347 (Bankr. E.D. Tex. 2007).  See also Tidewater Finance Co. v. Kenney, --- F.3d ----, 2008 WL 2514194 (4th Cir. June 25, 2008); In re Wright, 492 F.3d 829 (7th Cir. 2007).

  Accordingly, the court will deny the debtors' motion, but with leave to file a notice that the debtors consent to entry of an order providing instead that "with respect to Litton Loan Servicing, L.P.'s allowed secured claim, the debtors shall surrender the collateral securing the claim (*i.e.*, certain real property located at 2014 McHenry St., Baltimore, Md. 21223)."  If such a notice is filed, the court will sign a proposed order to that effect submitted with such a notice.

4

III

That the confirmed plan, as modified by such a modified confirmation order, will not bar the filing of an amended claim, however, does not address whether an amended proof of claim would be allowed.  If a deficiency claim *does* arise, and Litton files an amended proof of claim asserting that deficiency claim, the issue of whether that claim ought to be allowed, even though filed after the bar date for claims, can be addressed then.  The case law is in conflict.  Compare In re Spurling, 2008 WL 2421707 (Bankr. E.D. Tenn. June 12, 2008) (chapter 7 case, but criticizing decisions not allowing claim filed as fully secured to be amended after bar date to assert deficiency claim); In re Tessier, 333 B.R. 174, 176 (Bankr. D. Conn. 2005) (chapter 13 case); In re Delmonte, 237 B.R. 132 (Bankr. E.D. Tex. 1999) (chapter 13 case), with In re White, 380 B.R. 855 (Bankr. M.D. Fla. 2007) (chapter 13 case: untimely amended claim not allowed because original claim did not assert right to recover any deficiency claim that might result on foreclosure); In re Hibble, 371 B.R. 730, 737 (Bankr. E.D. Pa. 2007) (same); In re McBride, 337 B.R. 451, 460 (Bankr. N.D.N.Y. 2006) (same).  It is noteworthy that in this case, the confirmed plan called for Litton to be paid in full whether its claim was secured or unsecured.

When a plan provides for an allowed secured claim by

5

specifying, pursuant to 11 U.S.C. § 1325(a)(5)(C), that the collateral is surrendered to the creditor, that plan provision does not amount to a valuation of the collateral.  In re Ballard, 526 F.3d at 640; In re Gay, 375 B.R. 343 (Bankr. E.D. Tex. 2007).

An order follows.


[Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee;

Daniel J. Pesachowitz
Samuel I. White, P.C.
913 King Street
Alexandria, VA 22314


Litton Loan Servicing, LP
P.O. Box 829009
Dallas, Texas 75382-9009